UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| NICOLE ALEXANDER, | } | |
| ON BEHALF OF HERSELF AND | } | |
| ALL OTHERS SIMILIARLY SITUATED, | } | |
| | **}** | |
| Plaintiff, | } | Civil Action, File No. |
| v | } | 2:17-cv-05050-LDW-SIL |
| | } | |
| NRA GROUP, LLC, | } | |
| D/B/A NATIONAL RECOVERY AGENCY, | } | |
| | } | |
| Defendant. | } | |

## COMPLAINT

## DEMAND FOR TRIAL BY JURY

Plaintiff, Nicole Alexander [hereinafter "Alexander"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant, NRA Group, LLC d/b/a National Recovery Agency ("NRA"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on NRA's regular transaction of business within this district.  Venue in this district also is proper based on NRA possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  NRA also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Alexander is a natural person who resides at 189 Loop Drive, Sayville, NY 11782.

6. Alexander is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

7. On or about March 30, 2016, NRA sent Alexander the letter annexed as Exhibit A. Alexander received and read Exhibit A. For the reasons set forth below, Alexander's receipt and reading of Exhibit A deprived Alexander of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, NRA sent Exhibit A to Alexander in an attempt to collect a past due debt.

9. Exhibit A names the "Creditor" as "PSEG Long Island. NRA, via Exhibit A, attempted to collect this past due debt from Alexander in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt set forth in Exhibit A arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. NRA is a Pennsylvania Limited Liability Corporation and a New York Foreign Limited Liability Corporation located in Harrisburgh, PA.

11. Based upon Exhibit A and upon NRA possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of NRA is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. On Exhibit A, NRA identifies itself as a "debt collector" attempting to collect an alleged debt.  Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

13. Based upon the allegations in the above two paragraphs, NRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

14. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

15. Exhibit A sets forth a "Total Due" of $150.00.

16. Exhibit A did not set forth what Alexander would need to pay to resolve the debt at any given moment in the future, and did not set forth an explanation of any fees and interest that would cause the "Total Due" of $150.00 to increase.

17. Exhibit A did not explain whether interest, or new fees or costs are accruing.

18. For the above reasons, Exhibit A did not set forth the amount of the "debt".  Carlin v. Davidson Fink LLP No. 15-3105-cv (2nd Cir., 2017); and Balke v. Alliance One Receivables Mgmt., Inc. 16-cv-5624(ADS)(AKT) (E.D.N.Y., 2017).

19. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendant violated 15 USC § 1692g(a)(1) by sending Exhibit A to Alexander.

## SECOND CAUSE OF ACTION--CLASS CLAIM

20. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

21. Exhibit A sets forth a "Total Due" of $150.00.

22. Exhibit A does not set forth that the "Total Due" of $150.00 may increase due to interest, late charges, and/or other charges.

23. Since Exhibit A does not set forth that the "Total Due" of $150.00 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Total Due" of $150.00 was static and that their payment of $150.00 would satisfy the debt irrespective of when the payment was remitted.

24. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

25. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)".  Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

26. Alexander owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

27. NY CPLR 5001(b) provides as follows:

> "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

28. Based on the debt being undisputed and the nature of the debt and the date of default, as regards the past due debt set forth in Exhibit A, the creditor had a guaranteed right to interest on the "Total Due" of $150.00 from the date of Exhibit A or an earlier date.  NY

CPLR 5001 (a) and (b), <u>Tesser v. Allboro Equip. Co.</u>, 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010), and <u>Lee v. Joseph E. Seagram & Sons, Inc.</u>, 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

29. Based on the above, the "Total Due" of $150.00 set forth in Exhibit A was not static. Instead, interest was in fact accruing and owed on the "Total Due" of $150.00 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

30. Based on the above, at any time after the date of Exhibit A, the creditor had the right to recall Alexander's account from NRA; and subsequently, the creditor could seek the aforementioned interest that was accumulating after Exhibit A was sent but before the "Total Due" of $150.00 set forth in Exhibit A was paid.

31. In the alternative, at any time after the date of Exhibit A, the creditor had the right to recall Alexander's account from CCS; and subsequently, the creditor could have sold Alexander's debt to a third party and based on the above such third party could seek the interest that accumulated after Exhibit A was sent but before the "Total Due" of $150.00 set forth in Exhibit A was paid.

32. For the above reasons, at any time after the date of Exhibit A, the "Total Due" of $150.00 may have increased due to the aforementioned accrued interest.

33. Based on the above, since Exhibit A does not set forth that the "Total Due" of $150.00 may increase due to interest, NRA violated 15 USC § 1692g(a)(1) and 15 USC § 1692e by sending Exhibit A to Alexander.

## THIRD CAUSE OF ACTION-CLASS CLAIM

34. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

35. Exhibit A set forth a "Total Due" of $150.00.

36. Any "Total Due" resulted from an agreement entered into between Alexander and the creditor or was set forth in an invoice, bill or statement received by Alexander from the creditor.

37. Upon information and belief, the aforementioned agreement allowed the creditor and any assignee or successor-in-interest charge Alexander interest, late charges, and/or other charges in addition to any "Total Due".

38. Any aforementioned invoice, bill or statement set forth that the creditor could charge Alexander interest, late charges, and/or other charges in addition to any "Total Due". Any assignee or successor-in-interest of the creditor would succeed to the rights of the creditor based on any aforementioned invoice, bill or statement that set forth that the creditor could charge Alexander interest, late charges, and/or other charges in addition to any "Total Due".

39. Any right based on any aforementioned agreement, invoice, bill or statement to charge Alexander interest, late charges, and/or other charges in addition to any "Total Due" is not waived by the creditor or any assignee or successor-in-interest as a result of a failure by either the creditor or any assignee or successor-in-interest at any point in time to charge Alexander interest, late charges, and/or other charges in addition to any "Total Due".

40. On the date of Exhibit A, neither NRA nor the creditor may have had any intention of

seeking from Alexander the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Due".  However, at any time after the date of Exhibit A, the creditor had the right to instruct NRA to seek from Alexander the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Due".  In the alternative, at any time after the date of Exhibit A, the creditor had the right to recall Alexander's account from NRA.  If such a recall occurred, NRA would not know whether or not the creditor would exercise its aforementioned right to seek from Alexander the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Due".  Also, if such a recall occurred, NRA would not know whether or not the creditor would sell Alexander's debt to a party who then would exercise the aforementioned right to seek from Alexander the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Due".

41. For the above reasons, at any time after the date of Exhibit A, the "Total Due" from Alexander and/or the "Total Due" sought from Alexander may have increased due to the aforementioned accrued interest, late charges, and/or other charges.  However, Exhibit A failed to notify Alexander that his "Total Due" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

42. For the above reasons, as a result of the aforementioned omission from Exhibit A set forth in this paragraph, NRA violated 15 USC § 1692g(a)(1) and 15 USC § 1692e as a result of sending Exhibit A to Alexander.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

43. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

44. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

45. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

46. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## CLASS ALLEGATIONS

47. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

48. The classes consist of:

I.   (a) all natural persons (b) who received a letter from NRA dated between March 30, 2016 and the present to collect an alleged past due debt, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the alleged past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt; and/or

II.  (a) all natural persons (b) who received a letter from NRA dated between March 30, 2016 and the present to collect an alleged past due debt, (c) in a form materially identical or substantially similar to Exhibit A.

49. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

50. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

51. The predominant common question is whether Defendant's letters violate the FDCPA.

52. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

53. A class action is the superior means of adjudicating this dispute.

54. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against NRA in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:          September 8, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709